UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DERRICK K. WILLIAMS,

   Plaintiff,

vs.

CITY OF EUCLID, et al.,

   Defendants.

CASE NO. 1:12-CV-2539

OPINION & ORDER
[Resolving Doc. Nos. 1 and 2]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Derrick Williams's brings a civil rights complaint filed pursuant to 42 U.S.C. §1983. (Doc. No. 1) Williams names the City of Euclid, Ohio ("the City" or "Euclid"),[1] as well as the following Euclid employees as defendants: Correctional Officer Micheal Fetheroft, Correctional Officer Ron Shay, Correctional Officer Vic Stepec and the Euclid Clerk. He alleges the defendants used excessive force against him at the Euclid Jail on August 12, 2012. He seeks $8,000,000.00 in damages. For the following reasons, the City of Euclid and Euclid Clerk are dismissed as party defendants.

---

[1] Because Williams did not include a completed summons and Marshal form for Euclid, it is not clear whether he intended to specifically name the City as a party defendant. However, considering plaintiff's *pro se* status and in the interest of clarity, the Court will presume Williams has named Euclid as a defendant and address the propriety of that choice on the merits.

Case No. 1:12-CV-2539
Gwin, J.

## I. Background

Williams was held in custody at Euclid jail from August 6, 2012 until August 20, 2012, for reasons he does not disclose. On or about August 12, 2012, an "altercation" occurred at 7:15 p.m. in the day room of the jail. There are no details explaining the nature of the altercation or whether it involved other pre-trial detainees and/or correctional officers. Williams only states he was not personally involved. However, at the time of the incident Officer Shay allegedly shouted a profanity directing Williams to immediately stop talking. Officers Stepec and Fetheroft joined Shay and started to physically assault plaintiff. Williams claims the officers excessively punched his body and face, knocking out half of his back teeth. Eventually, Officer Shay "recklessly tazered all #3 of them." (Compl. at 4.) The act left a Taser hook somewhere in plaintiff's body.

Approximately 15 minutes after Williams was allegedly assaulted, at or around 7:34 p.m., he was placed in handcuffs. He claims Officer Stepec continued to stun him with the Taser gun while he lay semiconscious on the floor writhing in pain. The officer repeatedly applied electric shocks with the Taser gun to Williams's upper and lower torso causing extreme pain, open wounds and injuries. He remained handcuffed in this state, without medical treatment, until midnight. Williams does not disclose what prompted the removal of the handcuffs at that point or whether medical care was provided at that time.

On August 15, 2012, Williams was transported to the Cleveland Clinic. There, he alleges a Taser hook was removed from his body "4 days after being tazed."[2] (Compl. at 5.) He also claims

---

[2]Williams alleges he was tasered on August 12, 2012, but transported to the hospital three
(continued...)

Case No. 1:12-CV-2539
Gwin, J.

the correctional officers and nurses at Euclid Jail ignored his requests for his nitro heart medication. He does not state whether he requested this medication while at the Cleveland Clinic.

Williams was transferred from Euclid Jail to the Cuyahoga County Jail (CCJ) on August 20, 2012. After checking plaintiff's medical records, a doctor at CCJ prescribed the nitro medication plaintiff had requested "without any problem."

## II. Legal Standards

A. 28 U.S.C. §1915(e)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court must dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the City of Euclid and Euclid Clerk are dismissed from this action pursuant to 28 U.S.C. §1915(e).

## III. Analysis

A.    42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes
> to be subjected, any citizen of the United States ... to the

---

²(...continued)
days later. Therefore, his statement that the Taser hook was removed *four* days after he was tasered suggests he either remained in the hospital an additional day or the hook was removed at the jail when he returned.

Case No. 1:12-CV-2539
Gwin, J.

> deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section § 1983 is not a source of substantive rights itself, but a method for vindicating federal rights. Therefore, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Williams asserts the individual defendants violated his constitutional right to be free from the use of excessive force. As a pretrial detainee awaiting sentencing, he is protected from excessive force under the Fourteenth Amendment's Due Process clause, which protects a pretrial detainee from excessive force that amounts to punishment. *See Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir.2008) (citing *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989)). Section 1983, however, requires an actual connection between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Williams includes the City of Euclid and its Clerk as party defendants in this action but fails to allege any facts that remotely link these parties with the allegations outlined in the complaint. A municipal defendant may only be sued under § 1983 for its own unconstitutional or illegal policies and may not be held vicariously liable for the unconstitutional acts of its

Case No.  1:12-CV-2539
Gwin, J.

employees. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978).  Williams has not alleged that the City adopted or maintained an unconstitutional policy that violated his civil rights.  Moreover, there are no allegations that the Euclid Clerk engaged in any act that deprived Williams of his constitutional rights.  Without asserting municipal liability and any relevant acts on the part of City Clerk, Williams cannot maintain any claim against the City of Euclid or its Clerk pursuant to § 1983.

### IV. Conclusion and Order

Based on the foregoing, Williams's motion to proceed *in forma pauperis* is GRANTED.  (Doc. No. 2).  Having failed to state any policy or actual connection between the actions of the City of Euclid or its Clerk and the deprivations Williams has alleged, the City of Euclid and Euclid Clerk are DISMISSED as party defendants.   The Court certifies that an appeal from this dismissal could not be taken in good faith.

Williams's remaining civil rights claims shall proceed solely against Officers Shay, Stepec and Fetheroft. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process, **which must be perfected within 120 days of this order**. The Clerk's Office shall include a copy of this Order in the documents to be served upon the defendants.

IT IS SO ORDERED.


Dated: June 6, 2013              *s/         James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE