UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| DERRICK K. WILLIAMS, | : | CASE NO. 1:12-CV-02539 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 12, 20] |
| CITY OF EUCLID, *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Michael Fetheroff,[1] Ron Shay, and Victor Stepec move for summary judgment on Plaintiff Derrick Williams's claims against them.[2] With his complaint, Plaintiff Williams says that Defendants used excessive force on him during a prison altercation and afterward were deliberately indifferent to his medical needs.[3] For the reasons that follow, the Court **GRANTS** Defendants' motion for summary judgment.[4] The Court, therefore, **DENIES AS MOOT** Defendants' motion to dismiss.[5]

**I. Factual and Procedural Background**

On August 12, 2012, Plaintiff Williams was an inmate in the City of Euclid Jail.[6]

---

[1] Although Plaintiff refers to a "Michael Fetheroft" in his complaint, *see* Doc. 1 at 3, the Defendant's name appears to actually be Michael Fetheroff, *see* Doc. 20-1, Aff. of Fetheroff.

[2] Doc. 20.

[3] Doc. 1.

[4] Doc. 20.

[5] Doc. 12.

[6] Doc. 20-1, Aff. of Fetheroff at ¶ 3; Doc. 20-2, Aff. of Shay at ¶ 3; Doc. 20-3, Aff. of Stepec at ¶ 3.

Case No. 1:12-CV-02539
Gwin, J.

Defendants were corrections officers at the City of Euclid Jail.[7] That evening, after the dinner period had ended, Defendants entered the dinner area to collect the inmates' trash.[8] Plaintiff Williams and another inmate refused to provide their trash to Defendants Fetheroff and Shay.[9] Someone ordered Plaintiff Williams and the other inmate to return to their cells.[10] Plaintiff refused to return to his cell.[11]

Defendants Fetheroff and Shay began to escort Plaintiff Williams back to his cell.[12] Plaintiff began to fight Fetheroff and Shay; he shoved, punched, and kicked at them.[13] Plaintiff threw Defendant Shay to the ground and injured both Fetheroff and Shay.[14]

Defendant Stepec then attempted to fire his taser probes at Plaintiff Williams.[15] The taser probes missed, and the taser had little to no effect on Plaintiff.[16] So Defendant Stepec used two "drive-stuns" on Plaintiff.[17]

Plaintiff Williams stopped resisting Defendants.[18] Defendants placed Plaintiff in handcuffs,

---

[7] Doc. 20-1, Aff. of Fetheroff at ¶ 3; Doc. 20-2, Aff. of Shay at ¶ 3; Doc. 20-3, Aff. of Stepec at ¶ 3.
[8] Doc. 20-1, Aff. of Fetheroff at ¶ 3; Doc. 20-2, Aff. of Shay at ¶ 3; Doc. 20-3, Aff. of Stepec at ¶ 3.
[9] Doc. 20-1, Aff. of Fetheroff at ¶ 3; Doc. 20-2, Aff. of Shay at ¶ 3; Doc. 20-3, Aff. of Stepec at ¶ 3.
[10] Doc. 20-1, Aff. of Fetheroff at ¶ 3; Doc. 20-2, Aff. of Shay at ¶ 3; Doc. 20-3, Aff. of Stepec at ¶ 3.
[11] Doc. 20-1, Aff. of Fetheroff at ¶ 3; Doc. 20-2, Aff. of Shay at ¶ 3; Doc. 20-3, Aff. of Stepec at ¶ 3.
[12] Doc. 20-1, Aff. of Fetheroff at ¶ 3; Doc. 20-2, Aff. of Shay at ¶ 3; Doc. 20-3, Aff. of Stepec at ¶ 3.
[13] Doc. 20-1, Aff. of Fetheroff at ¶ 3; Doc. 20-2, Aff. of Shay at ¶ 3; Doc. 20-3, Aff. of Stepec at ¶ 3.
[14] Doc. 20-1, Aff. of Fetheroff at ¶ 4; Doc. 20-2, Aff. of Shay at ¶ 4-5; Doc. 20-3, Aff. of Stepec at ¶¶ 4-5.
[15] Doc. 20-3, Aff. of Stepec at ¶ 6.
[16] *Id.*
[17] *Id.* A "drive-stun" is the use of a taser in close quarters without probes. *See* Police Executive Research Forum & U.S. Department of Justice, Office of Community Oriented Policing Services, *2011 Electronic Control Weapon Guidelines* 14 (2011) *available at* http://cops.usdoj.gov/Publications/e021111339-PERF-ECWGb.pdf (last accessed Nov. 19, 2013).
[18] Doc. 20-3, Aff. of Stepec at ¶ 6.

Case No. 1:12-CV-02539
Gwin, J.

and Plaintiff returned to his cell.[19] Plaintiff denied having any injuries.[20] He did not say that the handcuffs were too tight.[21]

On August 12, 2012, Plaintiff Williams also asked for medications.[22] Plaintiff knew he was prescribed nitroglycerin and metaformin, but he did not know the name of his doctor.[23] The City of Euclid Jail contacted a person designated by Plaintiff to bring his medications to the jail.[24] Plaintiff did not suffer any adverse effects from not receiving his medications immediately.[25]

On August 15, 2012, Plaintiff Williams first complained that his abdomen hurt.[26] Plaintiff was inspected, and a taser probe was discovered lodged in his skin.[27] The Euclid Fire Department brought Plaintiff to the Euclid Hospital.[28] The hospital removed the probe and discharged him.[29]

On October 11, 2012, Plaintiff Williams filed a lawsuit under 42 U.S.C. § 1983 against the City of Euclid and Defendants.[30] In his complaint, Plaintiff says that after an altercation he was not involved with, Defendants used excessive force against him and placed him in handcuffs that were too tight.[31] He also says that he was denied medical attention for his injuries and denied his

---

[19]*Id.*
[20]Doc. 20-1, Aff. of Fetheroff at ¶ 6; Doc. 20-2, Aff. of Shay at ¶ 7; Doc. 20-3, Aff. of Stepec at ¶ 7.
[21]Doc. 20-3, Aff. of Stepec at ¶ 8.
[22]Doc. 20-4, Aff. of Clinton at ¶ 9.
[23]*Id.*
[24]*Id.*
[25]*Id.*
[26]*Id.* at ¶ 10.
[27]*Id.*
[28]*Id.*
[29]*Id.*
[30]Doc. 1.
[31]*Id.* at 5-6.

Case No. 1:12-CV-02539
Gwin, J.

medicine.[32]

On June 6, 2013, this Court dismissed Plaintiff's claims against the City of Euclid under 28 U.S.C. § 1915(e) and authorized service on the remaining Defendants.[33]

On August 2, 2013, Defendants moved to dismiss the complaint on the grounds that it fails to state a claim upon which relief can be granted and that Defendants are entitled to qualified immunity.[34]

On October 29, 2013, Defendants moved for summary judgment on all claims against them.[35] They say that Plaintiff can produce no evidence that his rights were violated.[36] In the alternative, they say that they are entitled to qualified immunity.[37]

Plaintiff has not responded to the motion.[38] The motions are ripe for decision.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[39] The moving party must demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[40] Once the moving party has done so, the non-moving party must set forth specific

---

[32] *Id.* at 6.
[33] Doc. 3.
[34] Doc. 12.
[35] Doc. 20.
[36] *Id.* at 7-12.
[37] *Id.* at 12-14.
[38] *See* Doc. 18 at 1 (requiring responses to dispositive motions by November 12, 2013).
[39] *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008).
[40] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Case No. 1:12-CV-02539
Gwin, J.

facts in the record—not its allegations or denials in pleadings—showing a triable issue.[41] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[42] But the Court will view the facts and all reasonable inferences from those facts in favor of the non-moving party.[43]

However, where the non-moving party does not respond to a motion for summary judgment, the Court need not search the entire record, but instead may rely on the facts presented and designated by the moving party.[44]

### III. Discussion

The Court construes Plaintiff Williams's complaint as bringing 1) a claim of excessive force and 2) a claim of deliberate indifference to his medical needs. No genuine issue of material fact exists, and Defendants are entitled to judgment as a matter of law on both claims.

**A.  Excessive Force**

Whether Plaintiff Williams was a pretrial detainee or a convicted prisoner at the time of the incident is unclear. If he were a pre-trial detainee, his right to be free from excessive force would stem from the Due Process Clause of the Fourteenth Amendment. If he were a convicted prisoner, the right would stem from the Eighth Amendment.[45] Defendants are entitled to judgment as a matter of law under either standard.

---

[41] *See* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[42] *Matsushita*, 575 U.S. at 586.
[43] *Thomas v. Cohen*, 453 F.3d 657, 600 (6th Cir. 2004).
[44] *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-05 (6th Cir. 1992).
[45] An officer may also use excessive force against a plaintiff in violation of the plaintiff's Fourth Amendment rights. *See Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002). However, only a plaintiff who was a free person at the time of the use of force may bring a Fourth Amendment excessive force claim. *See id.* Plaintiff Williams was an inmate at the time of the incident. Doc. 20-1, Aff. of Fetheroff at ¶ 3; Doc. 20-2, Aff. of Shay at ¶ 3; Doc. 20-3, Aff. of Stepec at ¶ 3. Therefore, Plaintiff cannot bring a Fourth Amendment excessive force claim.

Case No. 1:12-CV-02539
Gwin, J.

### I. Due Process

"[T]he Due Process Clause of the Fourteenth Amendment . . . 'protects a pretrial detainee from the use of excessive force that amounts to punishment.'"[46] In the Sixth Circuit, "[t]he law is unsettled as to whether the analysis for a Fourteenth Amendment excessive-force claim and an Eighth Amendment excessive-force claim is the same."[47]

The Seventh Circuit has outlined a reasonableness standard for Fourteenth Amendment claims that mirrors the Fourth Amendment's standard. "Most of the time the propriety of using force on a person in custody will track the Fourth Amendment: the court must ask whether the officials behaved in a reasonable way in light of the facts and circumstances confronting them."[48] The Court considers this reasonableness standard here and considers the Eighth Amendment standard below.

Under the reasonableness standard, Defendants are entitled to judgment as a matter of law. Defendants have established that Plaintiff fought Defendants and injured two of them.[49] Defendant Stepec used his taser three times in total until Plaintiff stopped resisting.[50] Plaintiff also did not tell anyone that his handcuffs were too tight.[51] Defendants have provided evidence that their actions were reasonable under the circumstances. Plaintiff has provided no evidence to create a genuine dispute as to any material fact. Therefore, Defendants actions were reasonable.

### ii. Eighth Amendment

To prove an Eighth Amendment excessive-force claim, a plaintiff must show that force was

---

[46] *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)).
[47] *Griffin*, 604 F.3d at 953.
[48] *Titran v. Ackman*, 893 F.2d 145, 147 (7th Cir. 1990).
[49] Doc. 20-1, Aff. of Fetheroff at ¶ 3-4; Doc. 20-2, Aff. of Shay at ¶ 3-5; Doc. 20-3, Aff. of Stepec at ¶¶ 3-5.
[50] Doc. 20-3, Aff. of Stepec at ¶ 6.
[51] *Id.* at ¶ 8.

Case No. 1:12-CV-02539
Gwin, J.

"not applied in a good-faith effort to maintain or restore discipline" but was used "maliciously or sadistically to cause harm."[52] To bring a handcuffs claim, a plaintiff must show that he complained about the tightness of the handcuffs, that the defendant ignored the complaints, and that some injury resulted.[53]

Defendants have established that they only acted after Plaintiff began to struggle and attack the officers. Plaintiff has provided no evidence that the officers acted maliciously. And Plaintiff has offered no evidence that he asked for his handcuffs to be loosened.

Therefore, Defendants are entitled to judgment as a matter of law on the excessive force claim under any applicable constitutional provision.

**B.   Deliberate Indifference to Medical Needs**

To establish that a defendant was deliberately indifferent to a plaintiff's medical needs, the plaintiff must show that his medical need was sufficiently serious and that the defendant was aware of a substantial risk to the plaintiff and disregarded that risk.[54]

Here, Defendants have established that Plaintiff did not complain of any injuries from the August 12, 2012, incident until three days later.[55] As soon as he did complain, the jail sent him to the hospital to be treated.[56] The jail also contacted someone to bring Plaintiff's medications to the

---

[52] *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992) (quoting *Hudson v. McMillan*, 503 U.S. 1, 7 (1992)).
[53] *See Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 402 (6th Cir. 2009).
[54] *See Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). In the context of deliberate indifference, the tests for pretrial detainees and convicted prisoners—i.e. the protections of the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment—are "analogous." *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).
[55] Doc. 20-1, Aff. of Fetheroff at ¶ 6; Doc. 20-2, Aff. of Shay at ¶ 7; Doc. 20-3, Aff. of Stepec at ¶ 7; Doc. 20-4, Aff. of Clinton at ¶ 9.
[56] Doc. 20-4, Aff. of Clinton at ¶ 10.

Case No. 1:12-CV-02539
Gwin, J.

prison when Plaintiff could not remember his doctor's name.[57] Accordingly, the undisputed facts in the record show that Defendants are entitled to judgment as a matter of law on this claim as well.

### IV. Conclusion

For the reasons above, the Court **GRANTS** Defendants' motion for summary judgment.[58] The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendants'. The Court **DENIES AS MOOT** Defendants' motion to dismiss.[59]  This case is **DISMISSED**.

IT IS SO ORDERED

Dated: November 21, 2013                    s/     *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[57] *Id.* at ¶ 9. Plaintiff has also not provided any evidence to show the remaining Defendants had anything to do with his access to medicine.
[58] Doc. 20.
[59] Doc. 12.